UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARA CROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05CV2341 FRB |
| ) | |
| JANSSEN PHARMACEUTICA, L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Presently pending before the Court is plaintiff Sara Crose's Motion for Leave to Amend Caption by Interlineation (filed March 1, 2006/Docket No. 16). Specifically, plaintiff seeks leave to add Astrazeneca Pharmaceuticals, L.P. (Astrazeneca), as a defendant to the caption of her Complaint, averring that "[a]t the time of filing, Plaintiff named Defendant Astrazeneca Pharmaceuticals, L.P. as a Defendant, however, Plaintiff failed to put Defendant Astrazeneca's name in the caption of her pleading, in bold font." Plaintiff's claim that her only purported error in the caption of her Complaint was not indicating Astrazeneca's name in bold font is a misreading of the relevant rules of pleading. As set out below, plaintiff failed to comply with the Missouri Rules of Civil Procedure when filing her original petition in the Circuit Court of the City of St. Louis, Missouri, regardless of the font used.

This cause originated in the Circuit Court of the City of St. Louis. As such, at the time of the original filing of the petition, the Missouri Rules of Civil Procedure applied. Under Mo. R. Civ. P. 55.02–Caption of Pleading-What Set Forth, the plaintiff is directed to file the original petition as follows:

> Every pleading shall contain a caption setting forth the name of the court, the title of the civil action, the file number and a designation as in Rule 55.01. In the petition, the title of the civil action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

The federal counterpart to Missouri's rule is found at Fed. R. Civ. P. 10(a), which states in relevant part, "In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

A review of the title of the action in this cause, as set out in plaintiff's original petition filed in state court and removed to this Court, shows it not to comply with either Mo. R. Civ. P. 55.02 or Fed. R. Civ. P. 10(a), regardless of font. The caption of the petition reads as follows:

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

| | | |
|---|---|---|
| **SARA CROSE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 052-10191 |
| v. | ) | |
| | ) | |
| **JANSSEN PHARMACEUTICA, L.P., ET AL** | ) | Division No. 1 |
| | ) | |
| Serve: Registered Agent for | ) | |
|     Janssen Pharmaceutica, L.P. | ) | |
|     CT Corporation System | ) | |
|     906 Olive St. | ) | **JURY TRIAL DEMANDED** |
|     St. Louis, MO 63101 | ) | |
| | ) | |
| Serve: Registered Agent for | ) | |
|     AstraZeneca Pharmaceuticals, L.P. | ) | |
|     CT Corporation System | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri, 63105 | ) | |
| | ) | |
| **DR. LAWRENCE LUM,** | ) | |
| | ) | |
| Serve: Place of Business | ) | |
| 300 N. State Street, Ste. E | ) | |
| Desloge, MO 63601 | ) | |
| | ) | |
| Defendants. | ) | |

A fair reading of the title of this petition would appear to show that AstraZeneca Pharmaceuticals, L.P., was indicated as a point of service for named defendant Janssen Pharmaceutica, L.P. The "et al." designation without a separate indication of such additional defendant(s) by name runs counter to Mo. R. Civ. P. 55.02 and Fed. R. Civ. P. 10(a). Such rules squarely place the duty upon the petitioning party to properly identify all parties to the cause in the caption of the original petition. It is not the duty of the court or its clerks to comb through the petition to attempt to identify any such parties for purposes of the docket. If Astrazeneca Pharmaceuticals, L.P., had been separately identified as defendant in the title of the petition in this cause, it would have been so included on the docket, even if its typed name were not in bold font.

To the extent plaintiff seeks to cure the deficiency in the title of her original petition so as to bring such petition in conformance with the relevant rules of pleading, such request should be granted. To the extent plaintiff seeks to change only the font of her original petition's caption, such request should be denied inasmuch as it would not cure the deficiency as set out above.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Amend Caption by Interlineation (Docket No. 16) is granted to the extent plaintiff seeks leave to separately identify Astrazeneca Pharmaceuticals, L.P., as a defendant in this cause of action. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the docket of this case to indicate Astrazeneca Pharmaceuticals, L.P., as a separately named defendant, and allow summons to issue upon this defendant.

_Frederick R. Buckles_
FREDERICK R BUCKLES
UNITED STATES MAGISTRATE JUDGE

Dated this *2nd* day of March, 2006.